**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Lee Koons,<br><br>  Plaintiff,<br><br>v.<br><br>Gwendolyn Smith, et al.,<br><br>  Defendants. | No. CV-23-00873-PHX-MTL (CDB)<br><br>**ORDER** |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Camille D. Bibles (Doc. 32) recommending that Plaintiff Jeremy Lee Koons' Motion to Request Leave to Amend (Doc. 21) be denied. Plaintiff timely filed objections to the R&R. (Doc. 34.) Defendants filed a response. (Doc. 36.) Plaintiff replied. (Doc. 37.)

**I.**

The R&R recounts the procedural history of this case. (Doc. 32 at 1-4.) Neither party objects to that portion of the R&R, and the Court hereby accepts and adopts it. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

**II.**

In reviewing an R&R, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *Reyna-Tapia*, 328 F.3d at 1121 (emphasis in original); *see Thomas v. Arn*, 474 U.S. 140, 149 (1985) (finding that district courts need

not conduct "any review at all . . . of any issue that is not the subject of an objection").

**III.**

Plaintiff raises ten objections. Defendants argue that the objections do no more than "disput[e], generally, the denial of his [m]otion." (Doc. 36 at 5.) They note that Rule 72(b)(2), Fed. R. Civ. P., requires "specific" objections to the R&R. Thus, "[g]eneral objections that just assert that the R&R was wrong, but fail to specify the findings or portions of the R&R where the magistrate judge erred and the basis for those objections are akin to failing to file an objection and constitute waiver of review by the Court." (Doc. 36 at 8-9 (cleaned up).) Applying this rule, Defendants argue that the Court need not address Plaintiff's objections. (Doc. 36 at 9-10.)

Defendants' argument has merit. None of Plaintiff's objections identify specific errors committed in the R&R; instead, they restate conclusory allegations rejected by the R&R and, at times, introduce new facts absent from the proposed second amended complaint. Out of an abundance of caution, however, the Court will address each of Plaintiff's objections and explain why they are insufficient.

Plaintiff's first objection responds to the R&R's conclusion that he "fails to plausibly allege Calvin took an adverse action against him due to protected conduct" in part because, while "Plaintiff alleges Calvin retaliated against him for filing this suit against Smith, [he] does not plausibly allege how Calvin knew, prior to October 27, 2023, that Plaintiff had filed a suit against Smith . . ." (Doc. 32 at 10-11.) Plaintiff responds that "Calvin, as well as Barnhart and Defendant Smith plausibly knew of the retaliation suit against Smith in May 2023." (Doc. 34 at 1.) He then introduces new allegations, absent from his second amended complaint, to support that contention. (*See id.* at 1-2.) But he does not identify any error in the R&R's analysis, and the Court finds none. (*See id.*) Therefore, the Court will overrule the objection.

His second objection also fails. There, he contests the R&R's finding that he does not "plead facts sufficient to establish Calvin took a cognizable adverse action against [him]." (Doc. 32 at 11.) Plaintiff repeats his conclusory allegations that "[t]he cognizable

adverse action was not following established" policy and that Calvin "s[aw] an opportunity to retaliate . . . against [him] . . . for his filing of a suit against her friend." (Doc. 34 at 2.) Plaintiff further repeats that Calvin's alleged comments regarding a lost email from Plaintiff's wife demonstrate that "there was an agreement, or meeting of the mind[s] between Smith and Calvin." (*Id.*) These arguments do not identify any specific error in the R&R's reasoning, which noted several pleading deficiencies that Plaintiff does not contest. (*See* Doc. 32 at 11-12.) The Court finds no error. Thus, this objection will also be overruled.

Plaintiff's third objection challenges the R&R's conclusion that "Plaintiff fails to plausibly allege that as of November 12, 2023 (one day prior to the date the service order in this matter issued and six weeks before Smith waived service), Barnhart knew of this lawsuit, or knew of any report to the ombudsman regarding any conduct by Barnhart . . ." (Doc. 32 at 13.) Plaintiff states that he "plausibly alleges Barnhart knew about the lawsuit and the report to the ombudsman for the same reasons Calvin and Smith knew of the suit." (Doc. 34 at 3.) He also attests that he can produce sworn declarations from his mother and stepfather confirming that Barnhart harassed and threatened him. (*Id.*) These arguments do not identify any error in the R&R's reasoning (nor does the Court find any) and, like Plaintiff's first objection, attempts to introduce new allegations. (*See id.*) This objection will, therefore, be overruled.

Plaintiff's fourth objection fares no better. He objects to the R&R's statement that "[he] fails to allege when or how Barnhart *specifically* threatened to take away his visitation privileges, or that Barnhart was authorized to do so." (Doc. 32 at 13 (emphasis in original).) The R&R also found that certain statements made by Barnhart did not constitute an adverse action under Ninth Circuit caselaw. (Doc. 32 at 13-14.) Plaintiff responds that he "did allege when Barnhart specifically threatened to take away his visitation privileges, even though Barnhart did not state specifically how she would do that." (Doc. 34 at 3.) He does not identify any error in the R&R's analysis or argue that the R&R misapplied the many cases it cited in support of its conclusion. (*See id.*) The Court finds that the R&R correctly applied the law. Accordingly, the Court will overrule this objection.

Plaintiff's fifth objection responds to the R&R's observation "that Plaintiff, who is presumably a person of ordinary firmness, was not sufficiently intimidated by Calvin's alleged comments and actions or failures to act that he hesitated to assert claims regarding the alleged retaliation." (Doc. 32 at 12.) Plaintiff states that "the question of whether a particular action would deter a person of ordinary firmness is an objective one and does not depend on how a particular plaintiff reacts." (Doc. 34 at 4.) The Court takes Plaintiff to argue that the R&R erred by factoring Plaintiff's continued engagement in First Amendment activity into its analysis of whether a person of ordinary firmness would have been deterred from such activity by Calvin's alleged misconduct. Plaintiff provides no caselaw to support this argument, and the Court finds that it is without merit. (*See id.*) Thus, this objection will be overruled.

Plaintiff's sixth objection challenges the R&R's conclusion that "Plaintiff's claims against Calvin do not involve the same claims or operative facts on which Plaintiff has been allowed to proceed in this suit . . ." (Doc. 32 at 12.) In response, Plaintiff contends that "[t]he claims against Calvin have a relationship agreement or meeting of the minds to conspire against Plaintiff for (1) reporting Calvin to the ombudsman, and (2) filing a lawsuit against Defendant Smith." (Doc. 34 at 4-5.) This conclusory statement is not accompanied by any reasoning, and it does not identify any specific error in the R&R's analysis. (*See id.*) The Court finds no error. Like the objections before it, this objection will be overruled.

Plaintiff's seventh objection counters the R&R's findings that "[he] does not allege Barnhart actually curtailed any visitation," that he continued to meet with his mother and child, and that he "fails to sufficiently allege harm arising from Barnhart's actions." (Doc. 32 at 14.) Plaintiff responds that he is "currently suspended from visitation privileges until December 2024 based on a false disciplinary ticket." (Doc. 34 at 5.) He contends that "[t]his is the third fraudulent ticket [he] has received . . . constituting harm arising from Barnhart's harassment . . ." (*Id.*) These arguments do not point out any error in the R&R's analysis, and the Court finds none. (*See id.*) Plaintiff's arguments merely advance new allegations.

(*See id.*) The objection will, therefore, be overruled.

His eighth objection also fails. There, he responds to the R&R's conclusion that his "allegation that [his] cell was searched and someone put his draft second amended complaint on his bed is insufficient to show an adverse, retaliatory action." (Doc. 32 at 18.) The R&R also notes that "[i]t is Plaintiff's burden to demonstrate any alleged adverse action did not reasonably advance a legitimate correctional goal," and "[p]rison cell searches can be conducted for any reason or no reason, and there is no argument that they do not advance legitimate correctional goals of promoting safety and security." (*Id.*) Plaintiff says that the cell search was pretextual and references new facts absent from the proposed second amended complaint. (Doc. 34 at 5-7.) His arguments do not specifically identify any error in the R&R's analysis. (*See id.*) The Court finds that the R&R correctly applied the law. Thus, the objection will be overruled.

Plaintiff's ninth objection challenges the R&R's finding that "[his] bald allegation that Warden Washburn changed his housing assignment in retaliation . . . is insufficient to proceed on a [42 U.S.C.] § 1983 action against the Warden." (Doc. 32 at 19.) Plaintiff argues that the Warden's justifications for changing his housing were pretextual and then advances new allegations absent from the second amended complaint. (Doc. 34 at 7.) The Court finds no error in the R&R's analysis. The objection will be overruled.

Plaintiff's tenth and final objection responds to the R&R's conclusion that, with respect to his allegations of a conspiracy, he asserts only "conclusory allegations without specific facts, which are insufficient to allow a plaintiff to proceed on a claim of conspiracy." (Doc. 32 at 21.) Plaintiff says only that he "has provided specific detailed allegations that support[] a c[h]ronology of events that Defendant Smith, Warden Washburn, Sgt. Calvin, CO III Anozi, CO III Barnhart, and Frink are all involved in a conspiracy to retaliate . . ." (Doc. 34 at 8.) This argument does nothing to identify any error in the R&R's analysis. (*See id.*) It merely states that Plaintiff disagrees with it. (*See id.*) That is insufficient. Additionally, the Court finds no error in the R&R's analysis. Thus, the objection will be overruled.

**IV.**

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (Doc. 32) is **adopted,** and Plaintiff's objections (Doc. 34) are **overruled**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Request Leave to Amend (Doc. 21) is **denied**.

**IT IS FINALLY ORDERED** that the proposed second amended complaint (Doc. 22) shall be **stricken** from the docket.

Dated this 15th day of July, 2024.

Michael T. Liburdi
United States District Judge